## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MICHAEL T. FLYNN,

      Plaintiff,

v.                                   Case No.: 8:23-cv-02501-VMC-UAM

FRED WELLMAN,

      Defendant.

_____/

## DEFENDANT'S MOTION FOR SANCTIONS

COMES NOW, Defendant Fred Wellman ("Mr. Wellman"), by and through

his undersigned counsel, and pursuant to Federal Rules of Procedure 11 and

Fla. Stat. § 57.105, to file this Motion for Sanctions against the Plaintiff, Michael T.

Flynn ("Mr. Flynn").

## MEMORANDUM OF LAW IN SUPPORT

## INTRODUCTION

On November 2, 2023, Mr. Flynn filed this lawsuit alleging two Counts:

"Defamation" and "Defamation Per Se" (Count I) and "Injurious Falsehood"

(Count II) against Mr. Wellman.  Complaint, Dkt. 1. The basis of Mr. Flynn's

original lawsuit were three tweets on the Twitter (now "X") platform two years

old that read:

1. "He's a traitor. He's being paid by Putin. Stop pretending Flynn hasn't forsaken his oath to the nation for money." Complaint, ¶28.
2. "Mike Flynn is a foreign agent." *Id*. at ¶29.

3. "He's not a Putin apologist. He's a paid agent. Mike Flynn is a traitor and a bigot." *Id*. at ¶30.

Mr. Wellman filed a Motion to Dismiss or, in the alternative, for Judgment on the Pleadings ("Original Motion") on December 26, 2023. Dkt. 34. Pursuant to the Safe Harbor requirement in Florida law, Fla. Stat. § 57.105 (4), an earlier version of this Motion was simultaneously provided to Plaintiff's counsel on December 26, 2023. Before it was filed with the Court, Mr. Flynn filed an Amended Complaint on January 16, 2024, Dkt. 39. That action pre-empted the filing of the earlier version of the sanctions Motion and the filed Motion was denied without prejudice on January 17, 2024, Dkt. 40.

Mr. Flynn's Amended Complaint reduced its scope to just a single tweet from February 2, 2022, that reads:

> "He's a traitor. He's being paid by Putin. Stop pretending Flynn hasn't forsaken his oath to the nation for money."

Amended Complaint, ¶28. This tweet was a retweet of someone else's tweet, which also quoted or reproduced statements Mr. Flynn himself made during a media appearance. Because context matters, the exact image of the tweet is reproduced at Exhibit "1". *See also* Amended Complaint, ¶28 (reproducing tweet image).

2

Mr. Wellman filed a Renewed Motion to Dismiss or, in the alternative, for Judgment on the Pleadings ("Renewed Motion") on February 6, 2024. Dkt. 44. As no corrective action has been taken by Plaintiff or his counsel in response to that Motion, and more importantly having being provided with a copy of this Motion following the Safe Harbor passage of 21 days, *see Schalamar Creek Mobile Homeowner's Ass'n v. Adler*, 2022 U.S. Dist. LEXIS 143693, *11 (M.D. Fla. Aug. 11, 2022), Mr. Wellman is now properly filing this Motion with this Court.

## ARGUMENT

### I. SANCTIONS CAN AND SHOULD BE IMPOSED IN RELIANCE UPON RULE 11

Rule 11 provides, in relevant part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction.

*Pelletier v. Zweifel*, 921 F.2d 1465, 1513 (11th Cir. 1991).

"The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010)(citation omitted). Rule 11 sanctions are

warranted when: (1) a party files a pleading that lacks reasonable basis; (2) a party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) a party files a pleading in bad faith for an improper purpose. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)(*per curiam*), *quoting Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

"[T]he reasonableness of the conduct involved is to be viewed at the time counsel or the party signed the document alleged to be the basis of the Rule 11 sanction". *See Grayson v. No Labels, Inc.*, 2022 U.S. Dist. LEXIS 76712, *7 (M.D. Fla. Apr. 21, 2022), *quoting Sussman v. Salem, Saxon & Nielsen, P.A.*, 150 F.R.D. 209, 213 (M.D. Fla. 1993). Any attorney, represented party, or *pro se* litigant who signs a pleading or other paper or affidavit without first conducting a reasonable inquiry may be liable for Rule 11 sanctions. *Id.* at 213, *citing Business Guides, Inc. v. Chromatic Commun. Enter., Inc.*, 498 U.S. 533, 541 (1991); *see also id.* at 547 ("[t]he purpose of Rule 11 as a whole is to bring home to the individual signer his personal, nondelegable responsibility … to validate the truth and legal reasonableness of the papers filed."). A party may be subjected to Rule 11 sanctions where the litigant "did not make a reasonable inquiry prior to trial to ensure he could procure evidence to support his client's positions" and where

the party continues "insisting upon a position after it is no longer tenable." *Grayson*, 2022 U.S. Dist. LEXIS 76712, *5-*6, *quoting Battles v. City of Ft. Myers*, 127 F.3d 1298, 1300 (11th Cir. 1997).

It is for the courts to decide whether a reasonable attorney in like circumstances could believe his or her actions were factually and legally justified. *See In re Engle Cases*, 283 F. Supp. 3d 1174, 1211 (M.D. Fla. 2017); *see also id.* (bad faith not required to be proven); *Schalamar Creek Mobile Homeowner's Ass'n*, 2022 U.S. Dist. LEXIS 143693, *10 (affording discretion to the court to determine if Rule 11 was violated and set sanctions to be imposed), *citing Massengale*, 267 F.3d at 1301. The court shall consider whether the party's claims are objectively frivolous, as well as whether the person who signed the pleadings should have been aware they were frivolous. *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). Where there is no direct evidence of the party's and counsel's state of mind, the court must examine the circumstantial evidence at hand and ask, objectively, whether an ordinary person standing in the party's or counsel's shoes would have prosecuted the claim. *See Pelletier*, 921 F.2d at 1515, *citing Thomas v. Evans*, 880 F.2d 1235, 1243 (11th Cir. 1989).

Mr. Wellman is cognizant of the fact that Rule 11 is an "extraordinary remedy", to be exercised with "extreme caution". *See Afrin v. Belk, Inc.*, 2021 U.S. Dist. LEXIS 114384, *4 (M.D. Fla. Mar. 10, 2021), *quoting Lopes v. Yvette Pereyra*

*Ans, M.D. P.A.*, 2010 U.S. Dist. LEXIS 146282, *1 (S.D. Fla. Feb. 11, 2010). The facts before this Court, however, are more than sufficient to warrant such relief for Mr. Wellman.

In his Renewed Motion, which he incorporates herein, *see* Exhibit "2", Mr. Wellman outlined numerous critical and what should be viewed as obvious deficiencies in Mr. Flynn's Amended Complaint that warranted dismissal, including that Mr. Flynn (a) failed to comply with the statutory requirement of a five-day notice seeking a retraction, (b) cannot demonstrate Mr. Wellman's tweet constituted defamation, defamation *per se*, and/or defamation *pro quod* given that it primarily consisted of rhetorical hyperbole, (c) cannot demonstrate Mr. Wellman's tweet constituted defamation, defamation *per se*, and/or defamation *pro quod* even if it constituted facts capable of verification given that his single tweet is firmly grounded in true facts, including that Mr. Flynn received payments from the Russian Governments, (d) cannot demonstrate Mr. Wellman acted with reckless disregard for the truth, and (e) cannot state a claim for injurious falsehood in light of the preclusive impact of the single action rule, as well as Mr. Flynn's inability to plead facts identifying actual damages that were the proximate cause of Mr. Wellman's tweet. *Id*. at 14-20. These deficiencies are fatal to Mr. Flynn's Amended Complaint. Indeed, on its face, Mr. Flynn's Amended Complaint can and should be dismissed with prejudice.

6

This is not a case where there was information Mr. Flynn or his counsel could have reasonably discovered during civil discovery that would or even may have made the Amended Complaint tenable, *see Grayson*, 2022 U.S. Dist. LEXIS 76712, *8, nor is it one in which there was a legitimate legal theory put forward that simply was not successful on the merits. *See id.*, 2022 U.S. Dist. LEXIS 76712, *10. No amount of discovery will change the extent to which Mr. Wellman's tweet meets the definition of rhetorical hyperbole, nor would it change the established facts set forth by the Department of Defense's Office of Inspector General ("DoD OIG") regarding Mr. Flynn's actions that were at issue in Mr. Wellman's tweet. *See https://media.defense.gov/2022/Jul/08/2003032086/-1/-1/1/DODOIG-2021-000374% 20RESPONSIVE%20RECORDS.PDF* at 1 (last accessed February 5, 2024).

No amount of discovery will change the inability of Mr. Flynn to demonstrate, for purposes of an injurious falsehood claim, a causal connection between actual damages he incurred (or that he suffered any as none were specifically identified in his original Complaint and even more so none were included in his Amended Complaint, notwithstanding the obvious opportunity he had to correct that deficiency) and Mr. Wellman's tweet. If any such information existed, it would fall solely within the knowledge and control of Mr. Flynn, not Mr. Wellman, and Mr. Flynn surely would have listed those facts in

his Amended Complaint. Nothing would have changed the fact that Mr. Flynn's claims fail as a matter of law.[1]

There are, quite simply, no set of circumstances in which the premise of Mr. Flynn's lawsuit ever had merit as a legal or factual matter. No amount of discovery will change that reality. Mr. Flynn and his counsel should have known or knew that was true from the outset. No objectively reasonable attorney would have pursued Mr. Flynn's case without conducting further inquiry and pleading justiciable facts sufficient to make out a claim for relief.

Furthermore, as separately outlined in Mr. Wellman's Anti-SLAPP Motion, there is more than enough publicly available evidence to make at least a *prima facie* case that Mr. Flynn and his counsel brought this lawsuit in bad faith and for improper purposes. The public record demonstrates that Mr. Flynn, his family, and his political associates have filed a barrage of civil lawsuits against a range of individuals, from media outlets to political operatives, over the last two years. Renewed Motion at 31-39. Many of the cases were never aggressively prosecuted, were dismissed not long after filing and/or have involved sanctions. *Id.*

---

[1] Mr. Flynn and his counsel also cannot hide behind defenses of incompetence or negligence on their part in excusing their decision to bring this frivolous lawsuit. *See Sussman*, 150 F.R.D. at 214, *citing Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987).

Indeed, a similar defamation case was recently decided against Mr. Flynn, including dismissing the claims pursuant to Florida's anti-SLAPP statute, in *Flynn v. Stewartson et al.*, Case No.: 2023 CA 004264 NC (Fla. 12th Cir. Ct.) where a tweet was challenged that called him a "Putin employee". In its ruling on January 30, 2024, for example, the Court noted:

> Perhaps General Flynn does not receive a w2 from Vladmir Putin, but he did receive payment from a Russian Federation-controlled entity. The "gist" and "sting" of the comment is not substantially untrue. *Kieffer*[v. Atheists of Florida, Inc.], 269 So. 3d 656, 659 (Fla. 2d DCA 2019).

*See Flynn*, Case No.: 2023 CA 004264 NC (Fla. 12th Cir. Ct.) at *9 (for the Court's convenience a copy of this decision is attached at Exhibit "3"). Notably for purposes of this Motion, this specific adverse decision, which candidly has been appealed by Mr. Flynn, was raised with Mr. Flynn's counsel to provide an opportunity to use the occasion to avoid this Motion but the offer was declined.

For the reasons above, this Court can and should impose sanctions pursuant to Rule 11.

## II. SANCTIONS CAN AND SHOULD BE IMPOSED IN RELIANCE UPON SECTION 57.105

The purpose of Section 57.105(1) is to "discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities." *See*

*Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1227 (11th Cir. 2003).[2] The text of the statutory provision is clear:

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> > (a) Was not supported by the material facts necessary to establish the claim or defense; or
> >
> > (b) Would not be supported by the application of then-existing law to those material facts.

Fla. Stat. § 57.105(1); *see also Schwartz*, 341 F.3d at 1227 (key is whether lawyer acted in "good faith"); *Gustino v. Stoneybrook W. Master Ass'n*, 842 Fed. Appx. 323, 325 (11th Cir. 2021)(clarifying "good faith" argument must be for modification of the law "with a reasonable chance of success"). Attorney's fees pursuant to Section 57.105 may be awarded in a suit brought in federal court. *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1478 n.11 (11th Cir. 1992), *citing Capital Factors, Inc. v. Heller Fin., Inc.*, 712 F. Supp. 908, 914 (S.D. Fla. 1989).

"Section 57.105 fees can only be awarded in cases where there is a 'complete absence of a justiciable issue of either law or fact raised by the losing party.'" *Schalamar Creek Mobile Homeowner's Ass'n*, 2022 U.S. Dist. LEXIS 143693, *12,

---

[2] Lest there be any confusion, Rule 11 does not supplant or otherwise preclude application of statutory provisions such as Section 57.105 as independent sources of authority to impose sanctions. *See Regions Bank v. Kaplan*, 2018 U.S. Dist. LEXIS 105894, *12 (M.D. Fla. Jun. 25, 2018).

quoting *Bitterman v. Bitterman*, 714 So. 2d 356, 364-65 (Fla. 1998); *see also Murphy v. WISU Properties, Ltd.*, 895 So. 2d 1088, 1094 (Fla. 3d DCA 2004)("[t]he court must find the action to be frivolous or so devoid of merit both on the facts and the law as to be completely untenable."); *Pitts v. Geovera Specialty Ins.*, 2023 U.S. Dist. LEXIS 115004, *9 (M.D. Fla. Jul. 5, 2023)(noting threshold is not equivalent of that required to prevail, for example, on summary judgment); *Resnick v. Cty. Line Auto Ctr., Inc.*, 639 So. 2d 1091, 1092 (Fla. 3d DCA 1994)(similar to *Pitts*, noting standard is not equivalent to motion to dismiss or judgment on pleadings). Courts in Florida have deemed an action to be "frivolous" when, for example, it is completely without merit in law or is contradicted by overwhelming evidence. *See Visoly v. Security Pac. Credit Corp.*, 768 So. 2d 482, 491 (Fla. 3d DCA 2000) (collecting cases).

Even recognizing the considerable burden Mr. Wellman must shoulder to prevail in his request for sanctions under Section 57.105, the record before this Court is more than sufficient to conclude there never was a justiciable issue of law or fact raised by Mr. Flynn in support of his lawsuit.

In determining whether a claim is justiciable, the court should look at the claim(s) at the time of the filing. *Stewart v. Town of Zolfo Springs*, 1998 U.S. Dist. LEXIS 20914, *14 (M.D. Fla. Sept. 15, 1998); *see also Pitts*, 2023 U.S. Dist. LEXIS 115004, *10 (clarifying dismissal of lawsuit does not necessarily justify sanctions

11

pursuant to Section 57.105 if claims were non-frivolous at inception), *citing Stelor Productions, L.L.C. v. Silvers*, 2006 U.S. Dist. LEXIS 103682, *30*-*31 (S.D. Fla. Jul. 18, 2006). Nowhere within the four corners of the Amended Complaint was there ever a viable claim for defamation or injurious falsehood. It is not that Mr. Flynn simply did not sufficiently plead contextual facts that would support damages of $150,000,000 from a single tweet by Mr. Wellman two years ago; rather, there were no set of facts that would have *ever* made a tenable claim for defamation or injurious falsehood against Mr. Wellman as a result of that isolated tweet.

Mr. Flynn's counsel knew or should have known that the verbiage in the lone tweet predominantly, if not entirely, consisted of what courts across this country – including the U.S. Supreme Court – have deemed to be pure opinion or rhetorical hyperbole or factually true. Renewed Motion at 14 – 20. *See also White v. GM Corp.*, 908 F.2d 675, 682 (10th Cir. 1990)("Part of a reasonable attorney's prefiling investigation must include determining whether any obvious affirmative defenses bar the case."). Both Mr. Flynn and his counsel knew or should have known that there is, at a minimum, a DoD OIG report that concluded Mr. Flynn received payments from the Russian Government. Renewed Motion at 16-18. Mr. Flynn and his counsel also knew or should have

known they could not provide any facts establishing actual damages that were proximately caused by Mr. Wellman's tweet. *Id*. at 24-27.

From its inception, Mr. Flynn's lawsuit was and will always be frivolous and nonjusticiable. Sanctions under Section 57.105 are, therefore, respectfully warranted.

## III. THIS COURT SHOULD ORDER BRIEFING, AND, IF NECESSARY, CONVENE AN EVIDENTIARY HEARING TO DETERMINE THE SCOPE OF MONETARY FEES AND COSTS TO BE AWARDED TO MR. WELLMAN

If this Court agrees that sanctions can be imposed in reliance upon either or both Rule 11 and Section 57.105, this Court should then set forward a process by which the parties shall submit written pleadings for its consideration, including sworn affidavits.[3] Mr. Flynn's pleadings should particularly address factual aspects to which Mr. Wellman is understandably not privy, such as Mr. Flynn's personal financial situation. *See Sussman*, 150 F.R.D. at 215 (noting "ability to pay" is relevant factor for court to consider in awarding fees).

These pleadings would further resolve to what extent Mr. Flynn personally, his counsel separately, or all of them are subject to monetary liability. The issue of specific monetary liability is a relevant part of awarding fees. *See Sussman*,

---

[3] Undersigned counsel, for example, will have to outline for this Court the basis for attorney's fees and costs being sought as part of the sanctions imposition. The amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Sussman*, 150 F.R.D. at 215, *citing Hensley v. Eckerhart*, 461 U.S. 424 (1933).

150 F.R.D. at 213 ("[a] party represented by an attorney should not be sanctioned for papers signed by the attorney unless the party had actual knowledge that filing the paper constituted wrongful conduct []"); *see also id.* (sanctions appropriate only for the individual party if that person misled the attorney who had an otherwise objectively reasonable basis to sign the papers); *Visoly*, 768 So.2d at 493 ("While counsel does have an obligation to be faithful to their clients' lawful objectives, that obligation cannot be used to justify unprofessional conduct by elevating the perceived duty of zealous representation over all other duties.").

There is no current indication that, for the purposes of Count I (defamation and defamation *per se*), Mr. Flynn's counsel was misled regarding the relevant facts. The tweet by Mr. Wellman states what is states. The information from the DoD OIG report was publicly available and easily identified through minimal due diligence, as were numerous news articles reporting on Mr. Flynn and Russian payments. *See e.g.*, "Flynn Never Told DIA That Russians Paid Him, Say Officials," NBC News, May 8, 2017, at *https://www.nbcnews.com/news/us-news/flynn-never-told-dia-russians-paid-him-say-officials-n756421* (last accessed February 5, 2024); "Guess Who Came to Dinner with Flynn and Putin", NBC News, April 8, 2017, at *https://www.nbcnews.com/news/world/guess-who-came-dinner-flynn-putin-n742696* (last accessed February 5, 2024). The existing case law defining what qualifies as

rhetorical hyperbole is easily identified through even a basic search for case law that any competent attorney could perform. *See Old Dominion Branch No. 496 v. Austin*, 418 U.S. 264, 284 (1974)(terms like "traitor" constitute "loose language" or "undefined slogans" that cannot be construed as representations of fact). Accordingly, at least in terms of Count I, only Mr. Flynn's counsel could be held monetarily liable if sanctions are imposed and it fall to this Court to determine the appropriate level of fees minimally necessary to deter future misuse of the courts. *See Sussman*, 150 F.R.D. at 216.

The same cannot be said, at least based on the existing record, with respect to Count II (injurious falsehood). Mr. Wellman and undersigned counsel are understandably not privy to information outlining what, if anything, Mr. Flynn told his counsel regarding alleged "lost business opportunities" and "money spent to defend his own reputation". Amended Complaint, ¶¶41-43, 47-49, 51. The record is insufficient to determine if there was ever a factual basis for this assertion, which Mr. Flynn's counsel no doubt was aware is a necessary element of an injurious falsehood claim.[4] Mr. Wellman will not speculate as to what Mr. Flynn told his counsel on this factual issue: that is something that can and should be clarified by Mr. Flynn through his counsel. Needless to say, if Mr. Flynn

---

[4] As addressed in detail in Mr. Wellman's Motion to Dismiss, even if there had been actual lost business opportunities or other damages identified that would not have changed the fact that the tweet was not defamatory, rendering the claim a legal nullity. Renewed Motion at 14-27.

15

misled his counsel, that would place sole monetary liability squarely on Mr. Flynn himself.

Furthermore, this Court can and should at that time consider "the offending party's history, experience, and ability, the severity of the violation, the degree of malice or bad faith which contributed to the violation, the risk of chilling litigation, and additional factors appropriate to individual circumstances." *See Sussman*, 150 F.R.D. at 217, *citing White*, 908 F.2d at 685. In Mr. Wellman's Anti-SLAPP Motion, Mr. Wellman put forth at least a *prima facie* case that this lawsuit was but one of many that politically-aligned third parties – in coordination with Mr. Flynn's counsel in certain cases – have funded in an act of bad faith and for the malicious purpose of seeking to silence political critics through financial attrition. Renewed Motion at 31-39. This Court can and should seek information regarding that issue as part of its assessment of the scope of fees to be awarded to Mr. Wellman.

Finally, and while by no means necessary or mandatory, this Court retains the discretion to convene a hearing to resolve the scope of fees to be awarded to Mr. Wellman and the extent to which Mr. Flynn and his counsel have joint or severable liability. *See Donaldson v. Clark*, 819 F.2d 1551, 1560-61 (11th Cir. 1987) (outlining limited circumstances in which hearing is necessary in addition to

written pleadings, such as judicial resolution of issues of credibility or a "good faith" argument).

If this Court deems that necessary, Mr. Wellman stands ready to participate.

## LOCAL RULE 3.01(g) CERTIFICATION

**I HEREBY CERTIFY,** Pursuant to Loc. R. 3.01(g), the undersigned contacted the opposing counsel regarding the issues presented in this Motion on January 30, 2024.  The Parties were unable to resolve the issues and Plaintiff has advised that he objects to the relief sought herein.

**Respectfully submitted,**

/s/ Joshua M. Entin
JOSHUA M. ENTIN, ESQUIRE
ENTIN LAW GROUP, P.A.
1213 S.E. Third Avenue
Ft. Lauderdale, Florida 33316
(954) 761-7201
Josh@entinlaw.com

/s/Mark S. Zaid
MARK S. ZAID, ESQUIRE
*Admitted Pro Hac Vice*
BRADLEY P. MOSS, ESQUIRE
*Admitted Pro Hac Vice*
MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2024, I caused the foregoing to be filed electronically with the Clerk of the Court by using the CM/ECF system, which will send notice of electronically to:

> Jared J. Roberts, Esq.
> Shawn M. Flynn, Esq.
>
> *Plaintiff's Counsel*
>
> <u>*/s/ Mark S. Zaid, Esquire*</u>