# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# Tampa Division

MICHAEL T. FLYNN,

    *Plaintiff*,

v.

FRED WELLMAN

    *Defendants*.

Case No.: 8:23-cv-02501 (VMC/UAM)

## PLAINTIFF'S MOTION FOR STAY[1]

Plaintiff, Michael T. Flynn ("General Flynn") moves this Court to enter an order staying the instant case until the conclusion of an appeal in a related matter (*Flynn v. Stewartson and Wilson*, 2023 CA 004264 NC (Sarasota Cir. Ct. Jul. 13, 2023) (the "Wilson Case" or "Wilson Appeal")) that concerns similar facts and application of State law. General Flynn avers that staying this Court's consideration and decision on Defendant, Fred Wellman's ("Wellman"), filed Motion to Dismiss, as well as a general stay of this case, is in the best

---

[1] This case is currently stayed and administratively closed pursuant to this Court's Order dated January 31, 2024. Dkt. No. 43. On February 13, 2024, this Court granted General Flynn's Motion for Extension of Time to file his response to Wellman's Motion to Dismiss up to and including March 27, 2024. Dkt. No. 46. Subsequently, this Court denied Wellman's Motion for Sanctions without prejudice as moot until such time as this case is re-opened. Dkt. No. 47. This Motion seeks to clarify and provide definiteness as to duration and effect of the stay in this case.

interests of the parties and this Court. As set forth below, the Wilson Appeal, currently before the Florida Second District Court of Appeals, concerns whether it is a false statement or opinion to publish under Florida law that General Flynn is a Putin employee based upon a payment from a Russian-owned entity in 2015—similar allegation that is at the crux of the claims brought in this action. The outcome of the Wilson Appeal will be helpful in this Court's decision-making in this case and will potentially avoid the parties litigating a duplicative issue.

## BACKGROUND

On July 13, 2023, General Flynn commenced the Wilson Case alleging defamation and injurious falsehood, in part, for Wilson's defamatory remark that General Flynn is a "Putin employee." *Flynn v. Stewartson, et al.*, 2023 CA 004264 NC, DIN No. 23 (Sarasota Cir. Ct. Jul. 13, 2023).

On November 2, 2023, General Flynn brought this suit against Defendant, Fred Wellman, for defamation and injurious falsehood. Dkt. No. 1. On January 16, 2024, General Flynn subsequently amended his Complaint to include one statement wherein Wellman defamed General Flynn by stating General Flynn is "being paid by Putin." Dkt. No. 39 at ¶ 28.

On January 30, 2024, the Sarasota Circuit Court held that General Flynn's acceptance of payment from a Russian federation-controlled entity to give a speech constituted a sufficient basis for Wilson's statement to not be

substantially untrue that General Flynn was a "Putin employee." *Flynn v. Stewartson, et al.*, No. 2023 CA 004264 NC, DIN No. 75 (Sarasota Cir. Ct. Jan. 30, 2024) ("Sarasota Order"). General Flynn promptly appealed the Sarasota Order, which is now pending before the Florida Second District Court of Appeals. *Flynn v. Wilson*, No. 2D24-0278 (Fla. 2d DCA Feb. 2, 2024) ("*Wilson* Appeal"). General Flynn filed a joint motion to expedite the Wilson Appeal, in part, due to the possibility of that Appeal's outcome on this case. The court, however, denied the joint motion. *Flynn v. Wilson*, No. 2D24-0278, Filing No. 191687746 (Fla. 2d DCA Feb. 9, 2024).

The critical statements that underlie the claims asserted in the Wilson Case and this case are similar and Wellman relies on the same evidence (*i.e.*, payment for 2015 speech in Russia) in his defense. Wellman maintains that the statements are similar in his motion to dismiss. See Dkt. No. 44 at 20-21 ("A similar defamation case was recently decided against Mr. Flynn in *Flynn v. Stewartson et al.*, Case No.: 2023 CA 004264 NC (Fla. 12th Cir. Ct.) where he challenged a tweet that called him a '"Putin employee"'.); Dkt. No. 47 at 9 (similar). Defendant also notes that General Flynn has appealed this issue in his motion for sanctions that was previously denied. *See* Dkt. No. 47 at 9.

Plaintiff's undersigned counsel and Defendant's counsel agreed to extension of deadlines for the parties to address these issues to the Court and Defendant's counsel's cooperation is very much appreciated. It has, however,

3

become necessary to file this motion to allow the Florida Second District Court of Appeals time to issue a ruling as to the application of State law surrounding these similar statements. Without awaiting such a ruling, this Court could render a ruling that may not comport with Florida State law.

Therefore, General Flynn respectfully requests this Court stay this matter pending resolution of the Wilson Appeal. General Flynn intends to fulfill the briefing schedule agreed with Defendant's counsel, and is willing to provide supplemental briefing, as needed, following the decision in the Wilson Appeal.

## ARGUMENT

### I. This Court may stay the decision in this matter pending resolution of the Wilson Appeal.

District courts enjoy "broad discretion to stay proceedings." *DeCaires v. Financial Recovery Services of Minnesota, Inc.*, No. 6:21-cv-1785, 2022 WL 451479, at *1 (M.D. Fla. Jan. 7, 2022) (quoting *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000)). This includes "pending the resolution of a related case in another court." *Id*. "When ruling on a motion to stay pending the resolution of a related case in another forum, district courts must consider both the scope of the stay and the reasons given for the stay." *Id*. (quoting *Lipford v. Carnival Corp.*, 346 F. Supp. 2d 1276, 1278 (S.D. Fla. 2004)). Indeed, there are a "variety of circumstances [that] may justify a

4

district court stay pending the resolution of a related case in another court." *Ferrari v. North American Credit Services, Inc.*, 585 F. Supp. 3d 1334, 1336 (M.D. Fla. 2022) (quoting *Ortega Trujillo*, 221 F.3d at 1264).

### A. This case and the Wilson Appeal concern similar statements.

Here, there is good cause for this Court to issue a stay because the Wilson Appeal concerns a similar defamatory statement as this matter. In *Wilson*, one of the questions on appeal is whether it was defamatory for Mr. Wilson to call General Flynn a "Putin employee." Sarasota Order at 9. The trial court found, under the anti-SLAPP statute, that this statement did not constitute defamation. *Id*. As the trial court put it, this is because General Flynn accepted a payment in 2015 from an entity owned by the Russian government to give a speech. *Id*. General Flynn timely appealed this ruling.

In this matter, the defamatory statement at issue is Defendant's defamatory remark that General Flynn is "being paid by Putin." Dkt. No. 39 at ¶ 28. Defendant has provided a similar defense as Mr. Wilson, based on the 2015 payment, to attempt to avoid responsibility. *See* Dkt. No. 44 at 16-21. This is a substantially similar allegation and argument found in the Wilson Appeal.

General Flynn contends that a payment made nearly a decade ago by an entity other than Putin is an insufficient defense for Defendant's accusation

that General Flynn is *currently* being paid by Vladimir Putin.  General Flynn has and will make the similar arguments in the Wilson Appeal. Indeed, General Flynn will brief this issue fully in his forthcoming response in opposition to Wellman's motion to dismiss in this court as well.

Nevertheless, General Flynn suggests that this Court's consideration of Defendant Wellman's statement would benefit from the decision from the Florida Second District Court of Appeals as to the application of Florida law on this issue. "The Eleventh Circuit has approved of stays pending appellate resolution of a related case, especially where the related matter is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Ring v. City of Gulfport*, No. 8:20-cv-593, 2020 WL 3895435, at *4 (M.D. Fla. July 10, 2020) (citing *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)).

Here, the Florida Court of Appeals ruling on whether it is substantially untrue to say that General Flynn is a Putin employee, based on the 2015 payment, is "likely" to have a substantial effect on this case. Indeed, if it reverses the lower court's ruling, it would provide an additional reason to deny Defendant's motion to dismiss in its entirety. Accordingly, a stay is proper, pending that determination.

In *Blue Moon Marketing, LLC v. Matthews*, this Court granted a stay as to the entire case wherein the plaintiff demonstrated good cause because the

stay was limited to the resolution of the pending related case. *Blue Moon Marketing, LLC v. Matthews*, No: 6:14-cv-2036, 2016 WL 7228753, at *1 (M.D. Fla. Oct. 27, 2016). This Court further stayed the matter noting, absent a stay, it would place a burden on the litigants in bringing their claims and defenses, would lead to duplicative efforts, and could result in inconsistent verdicts regarding similar issues. *Id. See also Stoll v. Musculoskeletal Institute, Chartered*, No. 8:20-cv-1798, 2021 WL 632622, at *2 (M.D. Fla. Feb. 18, 2021) (staying the case because the similar related case could impact the current case and could result in duplicative litigation); *Ferrari*, 585 F. Supp. 3d at 1337 (staying the case because waiting for a decision in a similar case will help the parties avoid undue expenses and serves the best interests of judicial economy).

### B. The scope of the requested stay is not immoderate and is not indefinite.

The Eleventh Circuit has found that a District Court's stay pending the resolution of cases in other tribunals must properly limit the scope of the stay, meaning that it must not be "immoderate." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) (citing *CTI–Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir.1982)). The Supreme Court has determined that "[a] stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits,

7

so far at least as they are susceptible of prevision and description." *Id.* (citing *Landis v. North American Co.,* 299 U.S. 248, 57 S.Ct. 163, 167, 81 L.Ed. 153 (1936)).

This Court and other Florida courts have previously considered cases that provide useful guideposts to this determination. Indeed, in *DeCaires v. Fin. Recovery Servs. of Minnesota, Inc.*, this Court found that a stay was warranted pending the resolution of an *en banc* review before the Eleventh Circuit. *See DeCaires v. Fin. Recovery Servs. of Minnesota, Inc.*, No. 6:21-CV-1785-WWB-EJK, 2022 WL 451479, at *1 (M.D. Fla. Jan. 7, 2022).

In contrast, in *Lipford v. Carnival Corp.,* the Southern District of Florida denied Lipford's motion to stay as immoderate and indefinite because it was based on a state court proceeding that had no trial date set and the federal court case was filed as a precaution in case the state court case was dismissed. *See Lipford v. Carnival Corp.*, 346 F. Supp. 2d 1276, 1277-78 (S.D. Fla. 2004).

Moreover, in *Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Est., LLC*, the Southern District of Florida granted a stay of a specific time to allow an appeal that would have a substantial impact on the pending case resolve. *See Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Est., LLC*, No. 20-CIV-80842-RAR, 2020 WL 13379285, at *2 (S.D. Fla. Aug. 12, 2020) (granting a stay for one year or until the resolution of the appeal, whichever is sooner). "Mindful of the Eleventh Circuit's admonition that stays

8

of an indefinite nature are 'immoderate,'" the Southern District of Florida "exercise[d] the discretion at its disposal to fashion the instant stay such that its force will be spent within reasonable limits." *Id.* (citing *Ortega*, 221 F.3d at 1264).

The same logic applies to this matter. The stay would not be indefinite; indeed, it would only last as long as the Florida Second District Court of Appeals takes to decide the Wilson Appeal. If the court is concerned about the length of the stay, it may utilize the *Hunters Run* approach and set a definite length stay and require updated briefing at a future date.

General Flynn has moved diligently to resolve the Wilson Appeal. First, he moved to expedite the appeal. Second, the appeal already has a briefing schedule, and General Flynn is diligently pursuing the appeal. This is considerably more akin to *DeCaires* and *Hunters Run* than *Lipford.*

## CONCLUSION

For the foregoing reasons, General Flynn respectfully requests that this Court entirely stay this proceeding, or at least postpone its ruling on Defendant's motion to dismiss, until the resolution of the Wilson Appeal.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Gen. Flynn certifies that they have conferred with Defendant's counsel and that Defendant opposes the relief requested herein.

Dated: March 20, 2024            Respectfully submitted,

*/s/ Jared Roberts*
Jared J. Roberts
(Fla. Bar No. 1036550)
Shawn M. Flynn
(Fla. Bar No. 1040911)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: shawn@binnall.com
       jared@binnall.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 20, 2024, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jared Roberts
Jared J. Roberts
(Fla. Bar No. 1036550)
*Counsel for Plaintiff*