## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### Tampa Division

MICHAEL T. FLYNN,

      Plaintiff,

      v.                         Civil Action No. 23-02501-VMC-UAM

FRED WELLMAN

      Defendant.

_____/

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR LEAVE TO
## <u>FILE A REPLY IN SUPPORT OF HIS MOTION FOR STAY</u>

District courts have broad discretion in managing their cases. *See Chrysler Int'l Corp. v Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). That broad discretion necessarily requires a showing of good cause to obtain permission from the Court to file a reply. *See Fiddler's Creek, LLC v. Naples Lending Grp. LC (In re Fiddler's Creek, LLC)*, 2016 U.S. Dist. LEXIS 140945, *5 (M.D. Fla. Oct. 12, 2016). But in this case the Plaintiff, Michael T. Flynn ("Mr. Flynn"), has not and cannot demonstrate good cause for relief to file a reply in support of his Motion for Stay.

In his Motion for Leave to File a Reply in Support of his Motion for Stay, Dkt. 56 (filed April 1, 2024), Mr. Flynn bases his argument on the idea that the Defendant, Fred Wellman ("Mr. Wellman"), raised new issues and arguments in his Opposition to Mr. Flynn's Motion for Stay, *see id.* at 1-2, *citing* Dkt. 54

("Opposition")(filed March 24, 2024). Respectfully, Mr. Flynn's premise is flawed.

Mr. Wellman did not raise "new issues and arguments" in his Opposition; rather, he did what Mr. Flynn *should* have done in his Motion for Stay in the first place, which is accurately cite and apply to the facts of the present case the correct Eleventh Circuit standard for seeking to stay a federal proceeding pending resolution of a potentially related legal issue in a separate state proceeding. *Id*. at 7-10. Mr. Flynn, in fact, readily admits he did not address this legal standard, *see* Dkt. 56 at 1. It was Mr. Flynn's burden and obligation, as the movant party, to justify the relief he was seeking and the proper laws that would allegedly justify it. He should not be allowed to correct that failure simply because Mr. Wellman pointed out the error of, and omissions within, his legal analysis.[1]

The same goes for Mr. Flynn's desire to now, in a reply brief, address what he should have done originally, namely the relevance of the expediency provision in the Florida anti-SLAPP statute. *See* Dkt. 56 at 1-2. This was also not new information to Mr. Flynn as it was made readily apparent in Mr. Wellman's

---

[1] Of course, if Mr. Flynn is now allowed to raise new arguments in a Reply brief that he could and should have raised in his original Motion, then Mr. Wellman will likely need to seek leave to file a Sur-Reply to address any new issues. Otherwise, Mr. Wellman would be prejudiced by not being able to respond to those arguments. This would create a substantial amount of additional briefing and work for the Parties and the Court.

Renewed Motion to Dismiss, or, in the Alternative, Judgment on the Pleadings, and Motion for Attorneys Fees and Costs under Florida Anti-SLAPP Statute, *see* Dkt. 44 at 33 ("Uniquely, the anti-SLAPP provisions require the court to expeditiously resolve meritless claims given the chilling effect on constitutional rights that the law is designed to prevent.")(filed February 6, 2024)("Motion to Dismiss"). Notably, this same argument was contained in Mr. Wellman's initial Motion to Dismiss that was filed weeks earlier on December 26, 2023. *See* Dkt. 34 at 32 ("Uniquely, the anti-SLAPP provisions require the court to expeditiously resolve meritless claims given the chilling effect on constitutional rights that the law is designed to prevent."). It is not reasonable to conclude Mr. Flynn was unaware of this argument. That Mr. Flynn, in his infinite wisdom, did not once address the issue in the context of his Motion for Stay was a choice of his own making. He should not be allowed to correct it now.[2]

Even with all of that aside, the entire premise of Mr. Flynn's original request to stay these proceedings has recently been undercut by none other than

---

[2] Respectfully, Mr. Flynn continually seeks to create the appearance of a dispute that simply does not exist. For example, in his recent Opposition to Mr. Wellman's Motion, *see* Dkt. 55 at 25 (filed March 27, 2024), he cites to oral arguments in a 2022 11th Circuit case (and even attaches part of the transcript, *see* Dkt. 55-1) as some sort of incredible precedent without informing this Court that no decision was ever reached and, in fact, the case was settled and dismissed without an opinion. *Corsi v. Newsmax Media, Inc. et al.*, 2022 U.S. App. LEXIS 22997 (11th Cir. July 1, 2022)(According to the Court's docket, the action was dismissed with prejudice against all parties on July 7, 2022).

Mr. Flynn himself. On March 27, 2024, Mr. Flynn filed an Opposition in response to Mr. Wellman's Motion to Dismiss. Dkt. 55. In that Opposition, Mr. Flynn seeks to differentiate the specific factual allegation at issue in the present case with the facts in the separate state proceeding Mr. Flynn has ongoing against Rick Wilson as a means of arguing that the state court ruling in *Flynn v. Stewartson* does not support Mr. Wellman's substantial truth defense. Dkt. 55 at 9.

Quite simply, Mr. Flynn cannot have it both ways. He cannot, on the one hand, claim that the *Stewartson* matter does not apply for purposes of Mr. Wellman's Motion to Dismiss while, on the other hand, arguing that it is so similar to the present case that it requires this Court to halt proceedings pending the state appellate court's resolution of Mr. Flynn's appeal, *see* Dkt. 53 at 5-6. He has to pick a lane.[3]

WHEREFORE, Mr. Wellman respectfully requests that the Court deny Mr. Flynn's Motion for Leave to File a Reply in Support of his Motion for Stay.

Date: April 5, 2024

---

[3] Because of the continuing confusion that Mr. Flynn has created with respect to his different arguments and Motions, and the admittedly confusing nature of the current administrative posture of this case as to whether it is administratively closed or not, Mr. Wellman has simultaneously filed a Motion for Status Conference to enable the Parties and the Court to discuss next steps. Dkt. 58.

Respectfully submitted,

*/s/ Joshua M. Entin*
JOSHUA M. ENTIN, ESQUIRE
ENTIN LAW GROUP, P.A.
1213 S.E. Third Avenue
Ft. Lauderdale, Florida 33316
(954) 761-7201
Josh@entinlaw.com

*/s/Mark S. Zaid*
MARK S. ZAID, ESQUIRE
*Admitted Pro Hac Vice*
BRADLEY P. MOSS, ESQUIRE
*Admitted Pro Hac Vice*
MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 498-0011
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2024, I caused the foregoing to be filed electronically with the Clerk of the Court by using the CM/ECF system, which will send notice of electronically to:

Jared J. Roberts, Esq.
Shawn M. Flynn, Esq.
*Plaintiff's Counsel*

*/s/ Mark S. Zaid, Esquire*

5