UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

MICHAEL T. FLYNN,

    Plaintiff,

    v.                                   Civil Action No. 23-02501-VMC-UAM

FRED WELLMAN

    Defendant.

_____/

**DEFENDANT'S MOTION TO RE-OPEN CASE AND TO
RECONSIDER ORDER DENYING PENDING MOTIONS AS MOOT**

Fifteen months ago, Plaintiff, Michael T. Flynn ("Mr. Flynn") filed this frivolous lawsuit against Defendant Fred Wellman ("Mr. Wellman") seeking a preposterous sum of monetary damages ($150,000,000) allegedly based on a single tweet that repeated what many others had publicly stated. Dkt. 1 (filed November 2, 2023)(Complaint); Dkt. 39 (filed January 16, 2024)(Amended Complaint). On numerous occasions Mr. Wellman sought to bring this dispute to a substantive end, and each time Mr. Flynn ran away. Now, without any advance notice and in the dead of night on a Friday evening, Mr. Flynn performed the ultimate escape trick and voluntarily dismissed his case as if no one would notice. But, respectfully, that is not the end of this litigation as this Court retains clear jurisdiction to determine whether Mr. Flynn and/or his attorneys should be

held responsible for attorneys' fees and/or sanctions under various provisions of Florida law. Therefore, this Court is being specifically requested to re-open two of Mr. Wellman's motions (Dkts. 44, 47) that were recently denied as moot.

## MEMORANDUM OF LAW IN SUPPORT

### I.     PROCEDURAL HISTORY

Mr. Wellman filed dispositive motions twice to dismiss this lawsuit, as well as sought monetary sanctions, fees and costs for violations of Florida's Anti-SLAPP Statute, Federal Rule of Civil Procedure 11, and Florida Statute § 57.105. Dkt. 34 (filed December 26, 2023)(original Motion to Dismiss and Anti-SLAPP Motion); Dkt. 44 (filed February 6, 2024)(renewed filing of Motion to Dismiss and Anti-SLAPP Motion); Dkt. 47 (filed March 1, 2024)(Motion for Sanctions).[1]

After this Court granted an administrative stay due to the pendency of separate appellate litigation involving Mr. Flynn and similar factual allegations of defamation, *see* Dkt. 61 (Endorsed Order issued June 24, 2024) that would possibly impact the interpretation of Florida state law, this case sat idle for months.  That separate litigation before the Second District Court of Appeal of Florida ultimately resulted in a ruling against Mr. Flynn on December 11, 2024. *See Flynn v. Wilson*, 2024 Fla. Ap. LEXIS 9590 (Fla. 2d DCA 2024). Mr. Wellman

---

[1] Mr. Flynn amended his Complaint on January 16, 2024, *see* Dkt. 39, before the statutory Safe Harbor provision had expired for Mr. Wellman's original attempt to file a Motion for Sanctions. *See* Dkt. 47 at *2.

timely brought the decision to the attention of the Court, Dkt. 67, and the Court kept the administrative stay in place pending a determination by Mr. Flynn of whether he would pursue further appellate relief and required Mr. Flynn to file monthly status reports. *See* Dkt. 69 (Endorsed Order, issued December 13, 2024). Mr. Flynn informed this Court that he was pursuing further appeal of the *Wilson* matter before the Florida Supreme Court and filed notice of his briefing schedule, and that he "will promptly notify the Court of the Supreme Court's decision on jurisdiction and respectfully requests this Court continue to stay this matter pending that decision." *See* Dkt. 70 (filed January 17, 2025).

But then, without any warning or explanation and late in the evening of Friday, February 15, 2025, Mr. Flynn filed a Rule 41(a)(1)(A)(i) Notice of Dismissal without prejudice. *See* Dkt. 71. This Court issued an Endorsed Order the next business day, on February 18, 2025, that dismissed the case without prejudice and denied as moot all pending Motions. Dkt. 72.

## II. THIS COURT RETAINS JURISDICTION OVER CERTAIN UNRESOLVED MATTERS THAT MR. WELLMAN IS ENTITLED TO HAVE DECIDED AND, RESPECTFULLY, MUST RE-OPEN THE LITIGATION TO ADDRESS

There should be little dispute that this Court retains jurisdiction over this matter. *See Bongino v. Daily Beast Co.*, 2021 U.S. Dist. LEXIS 181824, *2 (S.D. Fla. Sept. 22, 2021); *see also Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1266 (11th Cir. 2021)("[I]is clear that even when a voluntary dismissal

disposes of an entire action, district courts retain jurisdiction to consider at least five different types of collateral issues: costs, fees, contempt sanctions, Rule 11 sanctions, and motions to confirm arbitral awards."). Motions for costs, fees, and sanctions each implicate "the power to enforce compliance with the rules and standards that keep the judiciary running smoothly." *Id.*, *quoting Hyde v. Irish*, 962 F.3d 1306, 1309 (11th Cir. 2020). Importantly, as the 11th Circuit noted in fact patterns just like we have here, "an enterprising plaintiff could abuse the judicial system but nevertheless get off scot free by voluntarily dismissing its case under Rule 41(a)(1)(A)(i)," which is why district courts will not be divested of jurisdiction. *Absolute Activist Value Master Fund Ltd.*, 998 F.3d at 1266.

Mr. Wellman's Rule 11 Motion for Sanctions remains clearly within this Court's authority and jurisdiction to resolve. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)("Because a Rule 11 sanction does not signify a district court's assessment of the legal merits of the complaint, the imposition of such a sanction after voluntary dismissal does not deprive the plaintiff of his right under Rule 41(a)(1) to dismiss an action without prejudice.").

While the case law with respect to Mr. Wellman's anti-SLAPP motion is less clear, at least one court – albeit with some factual distinctions – embraced the

same premise.[2] In the *Bongino* case, which was also one of defamation, this Court's neighboring colleague, District Court Judge Jose E. Martinez ("Judge Martinez"), adopted the recommendation of the Magistrate Judge that the Court retained the jurisdiction to resolve the collateral matter of fees under Florida's anti-SLAPP statute. *See id.*, 2021 U.S. Dist. LEXIS 181824, *3. However, Judge Martinez appears to have premised that conclusion on the fact that the anti-SLAPP motion itself had already been adjudicated against the plaintiff and did not implicate the merits of the dispute itself. *Id*. Whether that distinction actually matters appears to be a case of first impression. Mr. Wellman's view is that this Court, particularly given the historical basis for why anti-SLAPP legislation was enacted in the first place, wholeheartedly supports continuing jurisdiction over the matter.

This view, in fact, is consistent with rulings from other courts across this country that addressed a similar factual scenario with respect to their respective state anti-SLAPP laws. *See, e.g.*, *Hammet v. Sherman*, 2024 U.S. Dist. LEXIS 84754, *2-*4 (S.D. Cal. May 9, 2024)(fees awarded under anti-SLAPP law notwithstanding Rule 41(a)(1)(A)(i) dismissal); *Mordechai Orian v. Fed'n Int'l des*

---

[2] Given that the Florida statute in question was expanded and strengthened only ten years ago, *see https://www.floridabar.org/ the-florida-bar-journal/floridas-expanded-anti-slapp-law-more-protection-for-targeted-speakers/* (last accessed February 20, 2025), it is not surprising that there are few examples of courts addressing this particular factual scenario.

*Droits de L'Homme*, 2012 U.S. Dist. LEXIS 39298, *3 (C.D. Cal. Mar. 22, 2012)(Rule 41 motion to dismiss did not allow plaintiffs to escape anti-SLAPP implications, and plaintiffs "made no attempt to show their dismissal was for reasons unrelated to the merits of the anti-SLAPP motions"); *Winthrop Healthcare Investors, L.P. v. Cogan*, 2010 Mass. Super. LEXIS 342 *8 (Mass. Sup. Dec. 10, 2010) (voluntary dismissal filed in bad faith to avoid fees and costs implicated by pending anti-SLAPP motion). At least one court has even suggested in dicta that anti-SLAPP motions are "substantively the same" as motions for summary judgment, thereby precluding the ability to voluntarily dismiss as a matter of right under Rule 41(a)(1)(A)(i). *See Jacobson v. Clack*, 309 A.3d 571, 585 n.1 (D.C. 2024).

Respectfully, this Court should formally re-open this matter so that these arguments can be resolved and reinstate Mr. Wellman's previously filed Motions on these subjects (Dkt. 44, 47) that it just denied as moot. Mr. Wellman is prepared, if desired, particularly given that significant time has passed since the original filing of these Motions, to submit updated versions for the Court's consideration. Furthermore, Mr. Wellman plans on filing, pursuant to F.R.C.P. Rule 54(d)(2) and Local Rule 7.01, a Motion for Attorney Fees within 14 days of judgment, which is March 4, 2025 (*see* Dkt. 72), that will include specification of

"the judgment and the statute, rule, or other grounds entitling the movant to the award."

Mr. Flynn cannot be permitted to so easily discard his lawsuit after subjecting Mr. Wellman to threats of financial ruin for the last fifteen months. There are consequences to actions.

**LOCAL RULE 3.01(g) CERTIFICATION**

**I HEREBY CERTIFY,** Pursuant to Loc. R. 3.01(g), the undersigned contacted the opposing counsel regarding the issues presented in this Motion on February 20, 2025. The Parties were unable to resolve the issues and Plaintiff has advised that he objects to the relief sought herein.

**Respectfully submitted,**

*/s/ Joshua M. Entin*
JOSHUA M. ENTIN, ESQUIRE
ENTIN LAW GROUP, P.A.
1213 S.E. Third Avenue
Ft. Lauderdale, Florida 33316
(954) 761-7201
Josh@entinlaw.com

*/s/Mark S. Zaid*
MARK S. ZAID, ESQUIRE
*Admitted Pro Hac Vice*
BRADLEY P. MOSS, ESQUIRE
*Admitted Pro Hac Vice*
MARK S. ZAID, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2025, I caused the foregoing to be filed electronically with the Clerk of the Court by using the CM/ECF system, which will send notice of electronically to:

>Jared J. Roberts, Esq.
>Shawn M. Flynn, Esq.
>
>*Plaintiff's Counsel*

*/s/ Mark S. Zaid, Esquire*
