**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division**

MICHAEL T. FLYNN,

    *Plaintiff*,

v.

FRED WELLMAN,

    *Defendant*.

Case No.: 8:23-cv-02501 (VMC/UAM)

**PLAINTIFF'S OPPOSITION IN RESPONSE TO
DEFENDANT'S MOTION TO RE-OPEN CASE AND TO
RECONSIDER ORDER DENYING PENDING MOTIONS AS MOOT**

Defendant, Fred Wellman, defamed Plaintiff, Michael T. Flynn, instigating this action. General Flynn has a good faith basis for bringing this case, given the falsehood published by Defendant—namely, the accusation that General Flynn was being paid by Vladimir Putin. Ultimately, however, General Flynn chose to voluntarily dismiss this case before a determination on the merits.

Defendant apparently is unsatisfied with this and now seeks to reopen this case and move the court to reconsider multiple motions that have been resolved. Defendant's motion lacks a basis in law and this Court lacks jurisdiction over the merits of General Flynn's case which is necessary to render any finding pursuant to the anti-SLAPP determination Defendant seeks. Regardless, Defendant is not entitled to anti-SLAPP fees because Florida's anti-SLAPP does not apply in federal court, and this case was not dismissed pursuant to Florida's anti-SLAPP statute.

1

As discussed below, General Flynn pursued this litigation in good, in an attempt to redress the harm done to him by the Defendant, rendering Rule 11 sanctions improper. General Flynn respectfully requests this Court deny Defendant's motion to reopen this case and refuse to reconsider its prior denials of Defendant's motions. Defendant's pursuit of Rule 11 sanctions is frivolous in and of itself. Accordingly, General Flynn respectfully requests that this Court award reasonable fees and costs that he was forced to incur to oppose it.

1. **This Court Lacks Jurisdiction Over Defendant's Motions.**

Defendant asks the Court to retain jurisdiction of his motion pursuant to Florida's anti-SLAPP statute, as well as his motion for Rule 11 sanctions. While the Eleventh Circuit has held that a court retains jurisdiction to entertain Rule 11 motions, jurisdiction over Defendant's anti-SLAPP motion is a different matter and inappropriate.[1]

It is well-settled once a plaintiff notices a Rule 41(a)(1)(A)(i) voluntary dismissal, the "action is no longer pending." *Absolute Activist Value Master Fund Limited v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)). Therefore, "the district court is immediately deprived of jurisdiction over the *merits* of the case." *Id*. (emphasis added) (citing *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir.

---

[1] General Flynn does not disagree that this Court retains jurisdiction to entertain a potential Rule 11 issue. As detailed below, Defendant does not meet the exacting standard for reconsideration of his already denied motions.

2

2012)). Florida's Anti-SLAPP statute prohibits a person from filing a cause of action "against another person or entity *without merit* and primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue[.]" Fla. Stat. § 768.295(3) (emphasis added).

Therefore, the Court would have to find General Flynn's Complaint was without merit for Defendant to be entitled to anti-SLAPP fees. Thus, by any plain reading of the Florida anti-SLAPP statute, it does not apply unless there is a *merits-based determination.* Because the Court is "deprived of jurisdiction over the merits of the case," such determination cannot be made. Accordingly, this Court does not have jurisdiction to entertain Defendant's anti-SLAPP motion.

Despite Defendant's protest and citation to a single inapposite authority, discussed below, courts have consistently held they are unable to grant motions under Florida's anti-SLAPP statute without addressing the merits of a case. In *Barbuto v. Miami Herald Media Company*, the Southern District of Florida found a defendant was not entitled to fees under Florida's anti-SLAPP "because the Court has not addressed the merits of Plaintiff's claims, nor has the Court made the finding that Plaintiff's lawsuit as a whole is without merit." No. 21-cv-20608, 2021 WL 4244870, at *4 (S.D. Fla. Sept. 17, 2021). This district followed suit shortly thereafter, denying a motion for fees under Florida's anti-SLAPP statute because the court lacked "sufficient information to rule on whether the suit is entirely 'without merit' or was filed 'primarily' or 'solely' to suppress Defendant's exercise of free speech in connection with a public issue." *Markle v. Markle*, No. 8:22-cv-511,

2023 WL 2711341, at *14 (M.D. Fla. Mar. 30, 2023). Here, because it is a condition precedent for the Court to have jurisdiction to entertain the merits of General Flynn's claims, which it does not have, the Court cannot find that he violated Florida's anti-SLAPP statute.[2]

Defendant relies, to his detriment, on *Bongino v. Daily Beast Company* for support of his claim this Court may retain jurisdiction over the Florida anti-SLAPP claim. *See* Dkt. No. 74 at 3–4. That case opposes, rather than helps, Defendant. In *Bongino*, the court dismissed the plaintiff's complaint without prejudice, and found that it violated Florida's anti-SLAPP statute. *Bongino v. Daily Beast Co.*, No. 19-cv-14472, 2021 WL 4316099, at *2 (Sept. 23, 2021). Thereafter, the plaintiff voluntarily dismissed his case. *Id*. The court specifically noted it had jurisdiction to rule on the defendant's anti-SLAPP motion because "[t]he Court clearly ruled on the merits of Plaintiff's claims." *Id*. It was not "a situation where Plaintiff voluntarily dismissed his Complaint with little to no litigation beforehand." *Id*.

Contrary to Defendant's suggestion, the *Bongino* court distinguished the procedural posture of that case from a normal situation where a plaintiff voluntarily dismissed claims. Indeed, the *Bongino* court expressed that if it had not already ruled on the merits, it would not have been able to rule upon the

---

[2] General Flynn also contends that any sanctions determination under Rule 11 would also require a merits-based determination, outside of this Court's jurisdiction since it has not considered the merits of his Complaint at this juncture; however, he appreciates the Supreme Court's and Eleventh Circuit's rulings to the contrary. He will present this issue in any subsequent motions practice relating to the reasonableness of his actions.

4

defendant's anti-SLAPP motion. *Id*. In this case, as Defendant is well aware, the Court did not rule on the merits of General Flynn's claims rendering any consideration of the merits after granting his motion to voluntarily dismiss inappropriate. Therefore, General Flynn respectfully requests this Court deny Defendant's motion to the extent it asks this Court to exercise jurisdiction it does not possess.

**2.     Regardless, Florida's Anti-SLAPP Does Not Apply in Federal Court.**

Even if this Court had jurisdiction to consider Defendant's anti-SLAPP motion, Florida's anti-SLAPP does not apply in a federal court sitting in diversity. Pursuant to *Erie*, courts sitting in diversity are required to undergo an analysis to determine whether state or federal law applies. *First Coast Energy, L.L.P. v. Mid-Continent Cas. Co.*, 286 F.R.D. 630, 633 (M.D. Fla. 2012) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)) "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The first part of the test to determine whether to apply state anti-SLAPP law is to determine whether a Federal Rule of Civil Procedure answers the same question as the state law. *See First Coast Energy, L.L.P.*, 286 F.R.D. at 633 (quoting *Hanna v. Plumer*, 380 U.S. 460, 472 (1965)) If so, the second question asks whether the Federal Rule violates the Rules Enabling Act. *Id*. Courts do not "wade into Erie's murky waters unless the federal rule is inapplicable or invalid." *Shady Grove*, 559 U.S. at 398.

The Eleventh Circuit has yet to directly rule on whether Florida's anti-SLAPP applies in federal court. *Condo. Assoc. of Parker Plaza Ests., Inc. v. Moreff*, No. 22-cv-61638, 2023 WL 3600495, at *1 (S.D. Fla. March 2, 2023). Nevertheless, it did consider the applicability of Georgia's anti-SLAPP statute in federal court, which is instructive here. *See Carbone v. Cable News Network, Inc.*, 910 F.3d 1345 (11th Cir. 2018).

Relying on *Shady Grove*, the Eleventh Circuit held, "[a] federal court exercising diversity jurisdiction will not apply a state statute if a Federal Rule of Civil Procedure 'answers the question in dispute.'" *Id.* at 1349 (quoting *Shady Grove*, 559 U.S. at 398). Only if no Federal Rule "answers the question in dispute, courts undertake an 'unguided *Erie*' inquiry to decide whether to apply the state statute or federal common law." *Id.* (quoting *Hanna v. Plumer*, 380 U.S. 460, 471 (1965)). The question then addressed was "whether Carbone's complaint states a claim for relief supported by sufficient evidence to avoid pretrial dismissal." *Id.* at 1350. As the Eleventh Circuit found, "Rules 8, 12, and 56 provide an answer." *Id.* Given the breadth of Rules 8, 12, and 56, "[t]hose Rules are 'sufficiently broad' . . . to 'control the issue' before the court, thereby leaving no room for the operation'" of the Georgia's anti-SLAPP law's procedure. *Id.* at 1352 (quoting *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987)).

The Federal Rules are not to be construed narrowly. *Id.* (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 (1980)). In *Carbone*, the defendant argued, "the anti-SLAPP statute does not attempt to answer the question whether the

6

plaintiff has alleged a claim that is plausible on its face, but instead answers whether the plaintiff's claim satisfies a probability requirement." *Id*. The Eleventh Circuit, however, rejected that argument, finding that the Federal Rules are broad enough to answer the question of when a claim is plausible on its face, and also the standard for satisfying that requirement. *Id*. The Federal Rules have broad criteria that encompass the sphere of pretrial dismissal. *Id*. at 1350. Therefore, the Eleventh Circuit found Georgia's anti-SLAPP statute to be inapplicable.

Multiple circuit courts have come to the same conclusion regarding other state anti-SLAPP statutes that are procedural in nature. *See La Liberte v. Reid*, 966 F.3d 79 (2d Cir. 2020) (California's anti-SLAPP); *Klocke v. Watson*, 936 F.3d 240 (5th Cir. 2019) (Texas's anti-SLAPP); *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328 (D.C. Cir. 2015) (D.C.'s anti-SLAPP). Each of these courts found that the anti-SLAPP statute at issue was procedural and therefore could not apply in federal court without conflicting with the Federal Rules of Civil Procedure governing pretrial procedures.

Likewise, Florida's anti-SLAPP statute answers the same question as Rules 8, 12, 56 regarding pretrial dismissal. In addition, and more concerningly for this analysis, Florida's anti-SLAPP statute answers this question differently, adding procedural burdens not present in the Federal Rules of Civil Procedure.

According to the Florida Second District Court of Appeals, "the [Florida] Anti-SLAPP statute requires the trial court to do more than accept as true the factual allegations in the four corners of the complaint and draw all reasonable

7

inferences therefrom in favor of the claimant." *Gundel v. AV Homes, Inc.*, 264 So. 3d 304, 314 (Fla. 2d DCA 2019). Instead, Florida's Anti-SLAPP statute contains a burden-shifting framework. *Id*. This requires a defendant to first "set forth a prima facie case that the Anti-SLAPP statute applies," and then the burden shifts to the plaintiff to demonstrate the claims are not 'primarily' based on First Amendment rights in connection with a public issue and not 'without merit' serves the purpose of the statute." *Gundel*, 264 So. 3d at 314. Such a standard is incompatible with the Federal Rules, attempts to add an additional procedural burden, and answers the same question as the Federal Rules regarding pretrial dismissal. As Defendant himself acknowledged, "[a] motion to dismiss based on the Anti-SLAPP statute is distinct from a traditional motion to dismiss." Dkt. No. 44 at 32.

Even if it were possible for Florida's anti-SLAPP statute to coexist with the Federal Rules, the statute still would not apply. As *Carbone* noted:

> [T]he test of whether a conflict between the Federal Rules and a state statute exists is not whether it is logically possible for a court to comply with the requirements of both, but whether the Federal Rules in question are "sufficiently broad to control the issue before the Court."

*Carbone*, 910 F.3d at 1355 (quoting *Walker*, 446 U.S. at 749–50). *See also id*. ("The existence of a conflict does not invariably depend on whether the state law abrogates a procedural right conferred by the Federal Rules, but instead turns on whether the Federal Rules and the state statute 'answer the same question.'" (quoting *Shady Grove*, 559 U.S. at 401)). Here, the Federal Rules are sufficiently

8

broad to control the question whether General Flynn's "complaint states a claim for relief supported by sufficient evidence to avoid pretrial dismissal." *Id*. at 1350.

All of this was highlighted in Chief Judge William H. Pryor's recent expressions of doubt as to whether Florida's Anti-SLAPP applies in federal court. At oral arguments in *Corsi v. Newsmax Media, Inc.*, Chief Judge Pryor stated:

> There's a conflict in what the - the Florida courts even say this – in how the statute works, right? . . . . On the one hand, at least one DCA has said it does create a heightened pleading standard, right? . . . . The other says it doesn't. . . . If it does, it seems to me, then it conflicts with the federal rules and it doesn't apply. . . . And if it doesn't create a heightened pleading standard, then it seems to me it's procedural and it also doesn't apply. . . But either way, it seems to me the statute just doesn't apply in federal court.

Dkt. No. 55.1 at 14. He continued:

> The thing I'm most interested, at least - I can only speak for myself - is the attorney's fees issue, and I have serious doubts about whether the anti-SLAPP statute applies in federal court. And it seems to me that if it doesn't, then a suit filed in violation of it can't give rise to an attorney's fee award.

Dkt. No. 55.1 at 18.

In short, Florida's anti-SLAPP seeks to establish the procedures for pretrial dismissal, answering the same question as Federal Rules 8, 12, and 56. And in many respects, Florida's anti-SLAPP statute creates a different, conflicting procedure. Additionally, Rules 8, 12, and 56 do not violate the Rules Enabling Act. *See Carbone*, 910 F.3d at 1356. Therefore, under *Erie*, Florida's anti-SLAPP statute is inapplicable in federal court because it is procedural and not substantive.

### 3. Defendant Has Not Met His Burden for Reconsideration.

While Defendant titles his motion as one to reconsider this Court's order denying motions as moot, he does not provide the standard for reconsideration or even attempt to argue how it is met here. This alone is fatal to his motion. If this Court considers this issue further, it should find Defendant is not entitled to the *extraordinary* remedy of reconsideration.

Reconsideration is an extraordinary remedy to be used sparingly. *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, 814 F. Supp. 1072 (M.D. Fla. 1993). "The movant must set forth facts or law of a *strongly convincing nature* to induce the court to reverse its prior decision." *Id*. (emphasis added). Here, Defendant did not even attempt to present any facts or law that would induce this Court to reconsider his prior motions. Defendant's brief includes the word reconsider only once in the title of the motion and does not substantively engage with the issue of reconsideration.

Instead, Defendant asks this court to "re-open" the motions that were previously denied as moot. Dkt. No. 74 at 2, 6. Without providing any citation or authority underpinning this request to "re-open", it is difficult to understand and properly respond to such a motion. Rather than providing substantive argument and analysis, the motion, alleging sanctionable conduct, appears to have been rushed, not to obtain relief, but to make a political point for social media.[3]

---

[3] Both Defendant and his counsel posted on X shortly after General Flynn voluntarily dismissed this case regarding continuing this case. *See* Fred

10

Defendant is not entitled to extraordinary remedy on such a threadbare request and analysis. Moreover, taking each motion in turn below, the Court should decline to reconsider or reverse its prior denials.

    a.   *There is no basis for Rule 11 Sanctions.*

Rule 11 "should not be employed as a discovery device or to test the legal sufficiency of allegations in the pleadings . . . Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, . . . to intimidate an adversary into withdrawing contentions that are fairly debatable, [or] to increase the costs of litigation . . ." Fed. R. Civ. P. 11, advisory committee notes to 1993 amendment. "Rule 11 sanctions are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Manhattan Const. Co. v. Place Props. LP*, 559 Fed. Appx. 856, 858 (11th Cir. 2014) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Walker v. Hallmark Bank & Tr., LTD.*, No. 09-cv-61978, 2010 WL 3257993, at *2 (S.D. Fla. Aug. 17, 2010) (quoting *OperatingEna'rs Pension Trust v. A-C Co.*, 859

---

Wellman (@FPWellman), X (Feb. 15, 2025), https://x.com/FPWellman/status/1890815319205146824; Mark S. Zaid (@MarkSZaidEsq), X (Feb. 15, 2025), https://x.com/MarkSZaidEsq/status/1890795650138112335.

F.2d 1336, 1344 (9th Cir. 1988)).

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 906 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 requires a "deliberate indifference to obvious facts." *Id*. at 537. The party requesting sanctions "bears a heavy burden of demonstrating that sanctions are warranted, with all doubts resolved in the non-movant's favor." *Pharma Supply, Inc. v. Stein*, No. 14-cv-80374, 2015 WL 11439276, at *1 (S.D. Fla. May 27, 2015) (citing *McMahan Sec. Co. L.P. v. FB Foods, Inc.*, No. 8:04-cv-1791, 2006 WL 2092643 at *2 (M.D. Fla. July 27, 2006)). Defendant is simply unable to meet his heavy burden under Rule 11, nor has Defendant met his burden for reconsideration.

In Defendant's original motion for sanctions, he mainly relied on arguments that General Flynn failed to state a claim, and a previous case ruled against him on a similar claim.[4] Dkt. No. 47 at 6–9. Here, General Flynn filed his Amended Complaint on January 16, 2024, stemming from Defendant's lie that General Flynn is currently being paid by Russian President Vladimir Putin. Dkt. No. 39 at ¶ 36. This statement is a lie and is inherently harmful. *Id*. at ¶¶ 37, 44. That General

---

[4] Defendant also claimed General Flynn's Amended Complaint was frivolous because he did not serve Defendant with pre-suit notice. Dkt. No. 47 at 6. As explained in General Flynn's opposition to Defendant's motion to dismiss, however, Defendant is not a media defendant and, therefore, was not entitled to pre-suit notice. Dkt. No. 55 at 20–24.

12

Flynn brought suit to defend his reputation from a false statement that was false, outrageous, and injurious on its face is not frivolous. Even if this Court would have ultimately found that General Flynn failed to state a claim, as the Southern District of Florida noted, "failure to state a claim is not a basis for sanctions." *Brieva v. Freezing Mechanical, Corp.*, No. 17-cv-22980, 2018 WL 5098978, at *6 (S.D. Fla. Aug. 9, 2018). Moreover, to the extent Defendant was relying upon another case, that case was on appeal regarding the similar issue, as this Court recognized when it granted a stay pending the outcome of that case.

Defendant's primary argument was General Flynn could not prove that his statement was not rhetorical hyperbole. Dkt. No. 47 at 12. As explained in General Flynn's opposition to Defendant's motion to dismiss, however, Defendant stated in no uncertain terms that General Flynn is *being paid by Putin*. Dkt. No. 55 at 17. This implies the existence of undisclosed defamatory facts that Vladimir Putin was actively paying General Flynn, removing Defendant's statement from any protection. *Id*. (citing *Stembridge v. Mintz*, 652 So.2d 444, 446 (Fla. 3d DCA 1995)). Accordingly, General Flynn had a plausible legal basis for Defendant's liability, regardless of whether the Court would have ultimately granted Defendant's motion to dismiss. *See Grayson v. No Labels, Inc.*, No. 6:20-cv-1824, 2022 WL 1222597, at *4 (M.D. Fla. Apr. 21, 2022) ("When Rule 11 sanctions are directed at a frivolous legal theory, it is the theory that is considered and not the ultimate successful prosecution of that theory, otherwise every party who prevails on summary judgment or at trial would be entitled to Rule 11 sanctions.").

To be sure, if General Flynn's Amended Complaint were frivolous on its face, the Court could have granted Defendant's Rule 11 motion when he first filed it. Instead, the Court denied it, albeit without prejudice. Dkt. No. 51. Defendant has not raised any new circumstances, despite having the burden to do so on reconsideration, that could even possibly now warrant Rule 11 sanctions. Instead, General Flynn's conduct well establishes that he has proceeded in good faith.

At the time General Flynn filed his Amended Complaint, he had a similar claim pending in Florida state court. The state court dismissed General Flynn's complaint, and he appealed that decision. Recognizing that this Court would be all but bound by a decision from the appellate court, General Flynn moved to stay this action so as not to waste any party's or the Court's resources. Dkt. No. 53; *see Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983) ("A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.").

Upon a decision from the Florida appellate court affirming the trial court's dismissal, General Flynn asked the Court to maintain the stay in this case while General Flynn debated appealing the other case further to the Florida Supreme Court. Dkt. No. 68. The Court agreed, maintaining the stay. Dkt. No. 69. As General Flynn informed the Court January 17, 2025, he did, in fact, appeal the decision to the Florida Supreme Court. Dkt. No. 70. While General Flynn maintains his confidence in the outcome to the Florida Supreme Court, he decided

14

to no longer pursue this case, filing his notice of voluntary dismissal on February 14, 2024. Dkt. No. 71. Importantly, this decision had nothing to do with the merits of his case.

Accordingly, once it became apparent this Court would find difficulty in ruling in his favor, General Flynn took immediate steps to ensure the conservation of resources while the state proceeding played out. General Flynn did not push a claim that could not succeed. Simply put, the only frivolous conduct here is Defendant's choice to spitefully pursue this motion without any legal support. Accordingly, General Flynn respectfully requests that this Court award him fees and costs for being compelled to defend against Defendant's frivolous filing. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."); Fed. R. Civ. P. 11, advisory committee notes to 1993 amendment ("the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions.").

    b. *Defendant is not entitled to fees under Florida's anti-SLAPP statute.*

Even if this Court had jurisdiction to consider Defendant's anti-SLAPP motion, *and* if Florida's anti-SLAPP statute applied in federal court, Defendant would still not be entitled to fees. First, General Flynn's claims *did not* violate Florida's anti-SLAPP statute. Second, Florida's anti-SLAPP statute only provides fees if the case is dismissed pursuant to the anti-SLAPP statute, which this case was not. *See* Dkt. No. 71.

15

The express purpose of Florida's Anti-SLAPP statute is "to protect the right in Florida to exercise the rights of free speech in connection with public issues . . . *as protected by the First Amendment* to the United States Constitution . . ." Fla. Stat. § 768.295(1) (emphasis added). Fla. Stat. § 768.295(3) states that "[a] person or governmental entity in this state may not file or cause to be filed, through its employees or agents, any lawsuit, cause of action, claim, cross-claim, or counterclaim against another person or entity *without merit* and *primarily because* such person or entity has exercised the constitutional right of free speech in connection with a public issue." (emphasis added).

As General Flynn's opposition to motion to dismiss illustrated, his case was meritorious. *See* Dkt. No. 55. This is further evidenced in the above section on Rule 11.

Further, the right of free speech does not protect defamatory statements. *See Beauharnais v. Illinois*, 343 U.S. 250, 266 (1952) (holding that libelous statements are outside the realm of constitutionally protected speech); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974) (holding that "there is no constitutional value in false statements of fact"). Defendant's speech constituted defamation, thus, any argument that Defendant's speech is protected by the First Amendment must fail.

Even if there were First Amendment concerns, the purpose of this lawsuit was not to chill Defendant's freedom of speech. Rather, the purpose was to seek compensation for Defendant's harmful and malicious lies about General Flynn. Dkt. No. 39 at ¶ 4. Defendant's lies continue to harm General Flynn in his everyday

life and professional endeavors, as intended, and this lawsuit sought to rectify and end that harm. *Id*.

Additionally, according to Florida's Anti-SLAPP, the *primary* purpose of the claim must be to chill another's constitutional rights. Because this is not the case, and the First Amendment does not apply to defamatory comments, the Anti-SLAPP statute does not apply.

Regardless, Defendant is not entitled to fees because General Flynn's case was not dismissed pursuant to Florida's anti-SLAPP statute. In *Wentz v. Project Veritas*, this district denied fees under Florida's anti-SLAPP wherein the case was dismissed on alternative grounds. No. 6:17-cv-1164, 2019 WL 4621069, at *2 (M.D. Fla. Jul. 19, 2019), report and recommendation adopted, 2019 WL 4600964 (M.D. Fla. Sept. 23, 2019). The court found that a party is not entitled to anti-SLAPP fees simply by raising it as a defense. *Id*. Instead, there must be a "ruling as to its applicability." *Id*. An entitlement to fees in such scenario, where there is no ruling on the statute's applicability, "runs contrary to its express language." *Id*. (citing *Berisha v. Lawson*, 378 F. Supp. 3d 1145, 1157 (S.D. Fla. 2018) (denying as moot defendants' request for expedited consideration of their motion for summary judgment and an award of attorney's fees under Florida's Anti-SLAPP act, as defendants did not incur costs in connection with a claim that an action was filed in violation of the statute). Likewise, in *100PlusAnimalRescue, Inc. v. Butkus*, the Southern District of Florida held:

17

> Plaintiffs are not entitled to fees under the anti-SLAPP statute. Defendant raised the anti-SLAPP statute in both her motion to dismiss and her motion for summary judgment. However, after reviewing the transcript on the motion to dismiss, the order denying Defendant's motion for summary judgment, and the order entering judgment in favor of Plaintiffs, the undersigned finds that no ruling was made in regard to the anti-SLAPP statute.

No. 17-61893-CIV, 2021 WL 4635819, at *2 (S.D. Fla. June 14, 2021). The court therefore found the moving party under the anti-SLAPP was not the prevailing party and was not entitled to fees. *Id*.

This is in line with state court opinions as well. In *Lee v. Animal Aid, Inc.*, the Florida Fourth District Court of Appeals found that "there must be an express finding by the trial court that the petitioner's suit violated the Anti-SLAPP statute for the defendant to be entitled to fees under section 768.295(4)." 388 So.3d 25, 30 (Fla. 4th DCA 2024). The court concluded that because the defendant "did not have the merits of the Anti-SLAPP claim adjudicated at the trial court," the defendant was not entitled to fees under the anti-SLAPP. *Id*. Because there was no ruling on the anti-SLAPP, the defendant was not the prevailing party under the statute. *Id*. *See also Barrett v. North Broward Hosp.*, 2024 WL 3886813 (Broward Cnty. Cir. Ct. Aug. 15, 2024) (holding that "before attorneys' fees can be granted under the anti-SLAPP statute a trial court must grant a dispositive motion on the merits in which the anti-SLAPP statute was raised with a specific finding the anti-SLAPP statute was violated.").

Here, the Court never made an express finding that General Flynn's complaint violated Florida's anti-SLAPP statute. Instead, the case was dismissed

18

on alternative grounds. Accordingly, Defendant cannot meet his burden that reconsideration is proper.

## CONCLUSION

Based on the foregoing, Plaintiff, Michael T. Flynn, respectfully requests that this Court deny Defendant's motion to reopen and reconsider the Court's prior denials. Furthermore, given the frivolity of Defendant's motion, General Flynn respectfully requests that this Court award him reasonable fees and costs in opposing the motion.

Dated: March 6, 2025                                       Respectfully submitted,

                                                           */s/ Jared J. Roberts*
                                                           Jared J. Roberts
                                                           (Fla. Bar No. 1036550)
                                                           Shawn M. Flynn
                                                           (Fla. Bar No. 1040911)
                                                           BINNALL LAW GROUP, PLLC
                                                           717 King Street, Suite 200
                                                           Alexandria, Virginia 22314
                                                           Phone: (703) 888-1943
                                                           Fax: (703) 888-1930
                                                           Email: shawn@binnall.com
                                                                      jared@binnall.com

                                                           *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 6, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jared J. Roberts*
Jared J. Roberts
(Fla. Bar No. 1036550)
*Counsel for Plaintiff*
